*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2081-GW(ASx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | U.S. Bank N.A. v. Jose Erasmo Parra, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　Attorneys Present for Defendants:

None Present　　　　None Present

**PROCEEDINGS (IN CHAMBERS):　　ORDER REMANDING ACTION TO STATE COURT**

On March 20, 2015, defendant Jose Erasmo Parra ("Defendant"), *in pro se*, removed this unlawful detainer action to this Court from Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's obligation to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court plainly lacks subject matter jurisdiction over this action (at least based upon the grounds identified in the Notice of Removal).

Although Defendant asserts in paragraph 7 and page 2, lines 15-17, of his Notice of Removal that federal question jurisdiction exists here because of his perception that the claim brought by U.S. Bank, N.A. ("Plaintiff") is based upon a notice which references and incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201," and because of his belief that this statute is therefore "drawn in controversy" because it allows for a 90-day notice period before filing an eviction proceeding – a period Defendant asserts was not allowed to lapse here – those issues are, at best, Defendant's defenses or counterclaims based in federal law, which are insufficient to give rise to federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). Federal issues must be present on the face of the Complaint in order to give rise to federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392. Plaintiff's unlawful detainer action is plainly based on the simplified unlawful detainer process provided for by California legislation. *See, e.g.*, *Colfin AI-CA LLC v. Williams*, No. EDCV 14-0194 JGB (JEMx), 2014 U.S. Dist. LEXIS 18633, *2-5 (C.D. Cal. Feb. 13, 2014). The Complaint itself raises no federal issues or questions.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　Initials of Preparer　　JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2081-GW(ASx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | *U.S. Bank N.A. v. Jose Erasmo Parra, et al.* | | |

     Given the undeniable absence of federal question jurisdiction, and the absence of any assertion of any other basis for federal jurisdiction, the Court summarily remands the matter to Los Angeles County Superior Court and vacates the upcoming May 21, 2015, Scheduling Conference.  *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

**cc: Pro Se Deft**

                                                                                                                                           :

Initials of Preparer      JG